Filed 6/30/23  P. v. Magana CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>STEVEN CERVANTES MAGANA,<br><br>    Defendant and Appellant. | F084898<br><br>(Kern Super. Ct. No. DF016834A)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  Jose R. Benavides, Judge.

Arthur L. Bowie, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Poochigian, J. and Franson, J.

INTRODUCTION

Appellant and defendant Steven Cervantes Magana (appellant) has filed this appeal from the trial court's order that found he was not competent to stand trial and committing him to the Department of State Hospitals pursuant to Penal Code section 1367 et seq.[1]

On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not filed a supplemental brief. We affirm.

## PROCEDURAL BACKGROUND

**Case No. DM099263A**

On January 4, 2022, a misdemeanor complaint was filed in the Superior Court of Kern County case No. DM099263A, alleging appellant committed the following misdemeanor offenses on or about December 29, 2021: count 1, criminal threats to H.C. (§ 422); count 2, brandishing a knife to H.C. (§ 417, subd. (a)(1)); and count 3, possession of narcotics paraphernalia (Health & Saf. Code, § 11364, subd. (a)).

On January 13, 2022, appellant appeared in court with his appointed counsel, who expressed a doubt as to his competency to stand trial pursuant to sections 1367 and 1368. The trial court declared a doubt as to appellant's competency, suspended criminal proceedings, and appointed Dr. Musacco to examine him pursuant to section 1368.

On February 10, 2022, the court heard and denied appellant's motion to discharge his appointed counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118.

On March 10, 2022, the court convened a hearing to review a report from Kern Behavioral Health and Recovery Services (KBHRS). Appellant was present with his attorney. The court stated that according to the report appellant was not appropriate for

---

[1] All further statutory citations are to the Penal Code unless otherwise indicated.

2.

pretrial diversion, but KBHRS requested another referral to determine if he was eligible for outpatient treatment. As the court and the parties considered the report, appellant repeatedly cursed and interrupted the proceedings, declared he was going to fight the charges, and he would not take a deal. The court advised appellant that they were trying to get him mental health treatment. Appellant said they were liars, and he did not match the description of the suspect. The court found good cause and directed the bailiff to remove appellant from the courtroom. The court again referred the matter to KBHRS.

At some point, appellant was released from custody for outpatient treatment in case No. DM099263A, during which time he committed new offenses.

**Case No. DF016834A**

On May 17, 2022, a complaint was filed in the Superior Court of Kern County case No. DF016834A, alleging appellant committed the following offenses on or about May 13, 2022: count 1, attempted burglary of an inhabited dwelling house (§§ 664, 460, subd. (a)); count 2, resisting arrest by means of threats or violence of three Delano police officers (§ 69); count 3, misdemeanor battery by force or violence on a Delano police officer (§ 243, subd. (b)); count 4, misdemeanor resisting arrest (§ 148, subd. (a)(1)); and count 5, misdemeanor trespass (§ 602, subd. (m)).

On May 17, 2022, appellant made his first appearance and the court appointed counsel. Appellant was removed from the courtroom due to his behavior, and counsel entered not guilty pleas. Appellant remained in custody.

On May 26, 2022, the court convened a hearing to confirm the preliminary hearing date of May 31, 2022. Defense counsel was present, but appellant refused to be transported to court.

On May 31, 2022, the court was scheduled to conduct the preliminary hearing. Appellant again refused to be transported to court. Defense counsel expressed a doubt as to appellant's competency. The court granted defense counsel's motion for an

examination pursuant to sections 1367 and 1368, suspended criminal proceedings, and appointed Dr. Musacco to examine appellant.

The court acknowledged there was another criminal case with competency proceedings pending against appellant in case No. DM099263A. The court was advised that appellant committed the felony offenses because had been released for outpatient treatment in the misdemeanor case. The court ordered appellant to remain in custody without bail.

**Hearings on Both Pending Cases**

On June 28, 2022, the court held a hearing in cases Nos. DF016834 and DM099263A. Appellant refused to appear, and his attorney waived his presence. The court and the parties reviewed Dr. Musacco's report, and the parties submitted the matter. The court found appellant was not competent to stand trial and suspended criminal proceedings. The court appointed KBHRS to evaluate appellant pursuant to section 1370 and set a hearing on the matter.

On July 26, 2022, the court held a hearing in both cases. Appellant refused to be transported, and counsel waived his presence. The parties submitted on the report.

The court stated: "[G]iven the [appellant's] documented mental-health symptoms, the legal history, severity of the charges, his in-custody status, the Court finds that the [appellant] is inappropriate for outpatient restoration. Therefore, the Court orders that [appellant] participate in the restoration to trial competency training inpatient with the California Department of State Hospitals. The Court also adopts the recommendation made by Kern Behavioral Health, that treatment of [appellant] with involuntary psychotropic medication is indicated."

The court found appellant refused to take antipsychotic medication; he lacked the capacity to make decisions regarding antipsychotic medication; that his mental disorder required medical treatment with antipsychotic medication and that if not treated with antipsychotic medication, it was probable that serious mental or physical harm would

result. The court further found that as a result of appellant's mental disorder or defect, he demonstrated a danger of inflicting substantial physical harm on others; that the administration of involuntary medication was necessary to render him competent to stand trial and that less intrusive treatments are unlikely to have the same results; and that the treatment facility may administer antipsychotic medication to appellant as prescribed by the treating physician.

The court suspended criminal proceedings in the felony case No. DF016834, and ordered the proceedings trailed in misdemeanor case No. DM099263A.

Also, on July 26, 2022, the court filed an order in case No. DF016834 committing appellant to the Department of Mental Health at the California Department of State Hospitals and ordering involuntary administration of antipsychotic medication, for a maximum term of commitment of two years.

On July 28, 2022, the court held a status conference in case No. DM099263A and granted defense counsel's unopposed motion to dismiss the three misdemeanor counts that were still pending in that case.

On September 1, 2022, appellant filed a notice of appeal in the felony case No. DF016834A. The trial court denied his request for a certificate of probable cause.

## DISCUSSION

As noted above, appellant's counsel has filed a *Wende* brief with this court. The brief also includes counsel's declaration indicating that appellant was advised he could file his own brief with this court. By letter on May 3, 2023, we invited appellant to submit additional briefing. To date, he has not done so.

After independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The court's orders are affirmed.

5.